■ In the Matter of PATRICK J. CANNON, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [713 NYS2d 888] —Per Curiam. Respondent was admitted to practice by this Court in 1972 and maintains an office for the practice of law in the Village of Stamford, Delaware County.

Petitioner moves for an order suspending respondent from practice pursuant to this Court's rules (*see*, 22 NYCRR 806.4 [b], [e]) until such time as he complies with a subpoena duces tecum dated October 29, 1999, and subsequent requests by petitioner for information and documentation. Respondent has not replied to the motion.

Although he appeared twice for examination under oath pursuant to the subpoena and produced information and documentation, respondent has not fully complied with the subpoena and petitioner's subsequent requests despite warnings from petitioner that his continued noncompliance would result in a motion to suspend him pending compliance. Further, respondent has failed to pay two stenographers' bills as required (*see*, 22 NYCRR 806.4 [e]) and his failure to reply to the motion evinces a disinterest in his fate as an attorney.

Under such circumstances, we exercise our discretion and grant petitioner's motion to suspend respondent pending full compliance with the subpoena duces tecum and petitioner's subsequent requests for information and documentation, effective 20 days from the date of this decision (*see, e.g., Matter of Wojcik*, 271 AD2d 706; *Matter of Roberts*, 224 AD2d 801; *Matter of Russell*, 203 AD2d 707).

Mercure, J. P., Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law pending his full compliance with a subpoena duces tecum dated October 29, 1999, and subsequent requests by petitioner for information and documentation, effective 20 days from the date of this decision, and until further order of this Court; and it is further ordered that respondent, for the period of his suspen-

sion, is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, or to give to another an opinion as to the law or its application or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules (*see*, 22 NYCRR 806.9) regulating the conduct of suspended attorneys.