■ In the Matter of THOMAS W. GRIFFIN, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [717 NYS2d 684] —Per Curiam. Respondent was admitted to practice by this Court in 1991. He maintained a law office for several years in Broome County until March 1999, when he relocated to New Jersey, where he presently resides.

Effective August 11, 1999, this Court suspended respondent from practice pending his compliance with an order directing his appearance before petitioner to be examined under oath and to produce relevant files (*see,* 264 AD2d 534).

Upon our review of a subsequent petition of charges, respondent's answer and the findings of a Referee's report, we find respondent guilty of the professional misconduct charged and specified in the petition, with the exception of specification 8 of charge I and specification 5 of charge II.

Respondent neglected legal matters entrusted to him by seven clients in violation of this Court's attorney disciplinary rules (*see,* 22 NYCRR 1200.30 [a] [3]), failed to respond to communications from four of the clients (*see,* 22 NYCRR 1200.3 [a] [5]), failed to file an affidavit of compliance with the order which suspended him (*see,* 22 NYCRR 806.9 [f]; 1200.3 [a] [5]), failed to comply with the attorney registration requirements (*see,* Judiciary Law § 468-a; 22 NYCRR 118.1; 1200.3 [a] [5], [7]) and failed to cooperate with petitioner (*see,* 22 NYCRR 1200.3 [a] [5]).

Respondent states that he no longer practices law and expresses remorse for his misconduct. However, prior to his current suspension, petitioner had issued two letters of caution to respondent for misconduct similar to the charges of the petition.

Essentially, when respondent moved to New Jersey he abandoned several clients and failed to meet various obligations imposed on attorneys. We conclude that respondent should be suspended from practice for a period of one year, nunc pro tunc to the effective date of his current suspension. In addition, upon any application for reinstatement, respondent shall make the showing required by this Court's rules (*see,* 22 NYCRR 806.12), submit proof that he has fully complied with this Court's order of June 7, 1999, which directed him to appear before petitioner to be examined under oath and produce relevant records and documents, and demonstrate that he has complied with the attorney registration requirements (*see,* Judiciary Law § 468-a; 22 NYCRR part 118).

Mercure, J. P., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that petitioner's motion to confirm the Referee's report is granted; and it is further ordered that respondent is found guilty of the professional misconduct charged and specified in the petition, except for specification 8 of charge I and specification 5 of charge II; and it is further ordered that respondent is suspended from practice for a period of one year, nunc pro tunc to the effective date of his current suspension,

i.e., August 11, 1999; and it is further ordered that respondent, for the period of his suspension, is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he is forbidden from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority and from giving to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that, upon any application for reinstatement, respondent shall make the showing required by this Court's rules (*see,* 22 NYCRR 806.12) and shall submit additional proof as set forth in this decision; and it is further ordered that respondent shall comply with the provisions of this Court's rules (*see,* 22 NYCRR 806.9) regulating the conduct of suspended attorneys.