(June 18, 2001)

■ In the Matter of PATRICK J. CANNON, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [727 NYS2d 704] —Per Curiam. Respondent was admitted to practice by this Court in 1972. Effective November 28, 2000, he was suspended from practice pending his full compliance with a subpoena duces tecum and requests by

petitioner for information and documentation (*see, Matter of Cannon*, 275 AD2d 860). Prior to his suspension, he maintained an office for the practice of law in the Village of Stamford, Delaware County.

Respondent now admits all of the charges and specifications in a petition filed in February 2001. As set forth in the petition, respondent neglected 15 estates that he was retained to represent, in violation of the attorney disciplinary rules (*see,* Code of Professional Responsibility DR 6-101 [a] [3] [22 NYCRR 1200.30 (a) (3)]), failed to account to petitioner for funds of a client or third person which came into his possession (*see,* DR 1-102 [a] [5], [7]; DR 9-102 [c] [22 NYCRR 1200.3 (a) (5), (7); 1200.46 (c)]), permitted a nonattorney, his secretary, to be an authorized signatory on his escrow account (*see,* DR 1-102 [a] [5], [7]; DR 9-102 [e] [22 NYCRR 1200.3 (a) (5), (7); 1200.46 (e)]), failed to maintain complete records of his clients' funds (*see,* DR 1-102 [a] [5], [7]; DR 9-102 [c], [d] [22 NYCRR 1200.3 (a) (5), (7); 1200.46 (c), (d)]), failed to maintain accurate entries in the records for his attorney escrow account (*see,* DR 1-102 [a] [5], [7]; DR 9-102 [d] [9] [22 NYCRR 1200.3 (a) (5), (7); 1200.46 (d) (9)]), failed to cooperate with petitioner (*see,* DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]), and failed to comply with the rules of this Court requiring him to pay the stenographers' bills for his two examinations under oath and requiring him to file an affidavit of compliance with the order of suspension (*see,* 22 NYCRR 806.4 [e]; 806.9 [f]; DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]).

In mitigation, respondent cites a number of personal and business difficulties over the past few years, including serious health problems. These difficulties eventually caused respondent to close his solo law office and attempt to restart his practice out of his home. His current suspension from practice required him to resign as an Assistant District Attorney in Delaware County. He has submitted a number of letters from fellow attorneys in Delaware and Otsego Counties attesting to his good personal and professional reputation.

Attorneys must attend to their clients' interests punctually and with vigor despite distracting and stressful intrusions or advise their clients to obtain other counsel; neither do such intrusions excuse an attorney's duty to promptly and fully cooperate with petitioner (*see, Matter of Van De Loo*, 240 AD2d 940, *lv denied* 90 NY2d 811; *Matter of Sexton*, 231 AD2d 832).

Under the circumstances presented, we conclude that respondent should be suspended from practice for a period of one year, nunc pro tunc to the effective date of his current suspen-

sion, November 28, 2000 (*see, e.g., Matter of Griffin*, 278 AD2d 581). Upon any application for reinstatement, respondent shall, in addition to the showing required by this Court's rule on reinstatement (*see*, 22 NYCRR 806.12 [b]), submit a medical opinion that he possesses the physical and psychological capacity to resume the practice of law.

Mercure, J. P., Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that respondent is found guilty of the charges and specifications set forth in the petition; and it is further ordered that respondent is suspended from practice for a period of one year, effective November 28, 2000, and until further order of this Court; and it is further ordered that, for the period of his suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; he is forbidden to appear as an attorney and counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see*, 22 NYCRR 806.9).