[764 NYS2d 455]

In the Matter of MARK LEWIS BRECKER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 22, 2003

#### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn *(Colette M. Landers* and *Sharon F. Gursen* of counsel), for petitioner.

*Mark Lewis Brecker,* New York City, respondent pro se.

#### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing two charges of professional misconduct. At the prehearing conference, Charge Two was amended. At the hearing, the respondent admitted the factual allegations contained in Charge One and admitted, in part, the factual allegations contained in Charge Two. The petitioner's case consisted of five exhibits and the testimony of four witnesses. The respondent's case consisted of his own testimony, the testimony of four character witnesses, and one exhibit. At the conclusion of the hearing, the Special Referee dismissed Charge One and sustained Charge Two. The petitioner moves to confirm the Special Referee's report insofar as it sustained Charge Two and to disaffirm the report insofar as it dismissed Charge One. The respondent cross-moves to confirm the Special Referee's report insofar as it dismissed Charge One, disaffirm the report insofar as it sustained Charge Two, dismiss the petition, and deem the costs and trauma already visited on him sufficient punishment or, alternatively, for a de novo hearing.

Charge One alleged that the respondent was adjudicated in criminal contempt of court pursuant to Judiciary Law § 750, which is a serious crime as defined by 22 NYCRR 603.12 (b) and 691.7 (b), in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]). In October 1998, the respondent appeared before the Honorable Charles E. Ramos in the Supreme Court, New York County, in connection with an action entitled *Worldstyle, Inc. v Sparks Productions, Inc.* On December 2, 1998, Judge Ramos conducted a hearing to determine whether the respondent should be held in contempt of court, pursuant to Judiciary Law § 750, for his conduct in that action. At the hearing, Judge Ramos adjudicated the respondent in contempt of court. By a decision and

order dated February 19, 1999, Judge Ramos found that the respondent's conduct was prejudicial to the administration of justice and imposed punishment for his contempt of court.

Charge Two, as amended, alleged that the respondent engaged in a pattern and practice of conduct that adversely reflects on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). On June 7, 1999, the respondent telephoned the office of Axium Entertainment to speak with a client, Peter Winter, who was employed there. Although he was advised that Winter was not in the office, the respondent nevertheless telephoned Axium between 60 and 70 times during a period of 1½ hours, demanding to speak to Winter. During those telephone calls, the respondent harassed the staff at Axium using crude, vulgar, and abusive language. Also that month, the respondent left messages for Winter on the answering machine of Axium that contained vulgar and profane language.

On June 29, 2000, in connection with a guardianship proceeding in which he had an interest, the respondent twice hung up the telephone on Adam Wilner, Esq., an associate in the law firm of Harvey L. Greenberg, Esq., who was the court examiner in that proceeding. By letter dated June 29, 2000, Greenberg advised the respondent to address further inquiries to his office in writing. On July 6, 2000, the respondent called Greenberg's office over 30 times in an hour and a half. The respondent stopped calling only after Greenberg called the police.

Based on the evidence adduced at the hearing, including the respondent's admissions, both charges should have been sustained by the Special Referee.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider the cost of defending the charges against him, which amounted to approximately one year's gross receipts; the time spent defending against the charges (more than four years) and the emotional distress involved; his cooperation with the petitioner; the testimony of his character witnesses; and his extensive pro bono activities. The respondent testified that approximately one third of his practice is pro bono. He also testified that he served in the Peace Corps as a teacher in Ethiopia from 1964 to 1966. One of the respondent's former students, who now lives in New York, testified that the respondent performs pro bono legal services for the Eritrian community in New York. The respondent contends that he should incur no further punishment or that he should be afforded a de novo hearing.

The respondent's prior disciplinary history consists of an admonition issued by the First Department in 1996.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of two years.

PRUDENTI, P.J., RITTER, SANTUCCI, FLORIO and LUCIANO, JJ., concur.

Ordered that the petitioner's motion to confirm in part, and disaffirm in part, the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is denied; and it is further,

Ordered that the respondent, Mark Lewis Brecker, is suspended from the practice of law for a period of two years, commencing October 22, 2003, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months before the expiration of the two-year period, upon furnishing satisfactory proof that during that period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), and (3) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Mark Lewis Brecker, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application, or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.