Solomon ABRAHAMS, Plaintiff–Appellant,

v.

The APPELLATE DIVISION OF the SUPREME COURT, Second Judicial Department, Gail Prudenti, individually, a Justice of the Appellate Division, Second Judicial Department, David S Ritter, individually, a Justice of the Appellate Division, Second Judicial Department, Frank Santucci, individually, a Justice of the Appellate Division, Second Judicial Department, Robert Schmidt, individually, a Justice of the Appellate Division, Second Judicial Department, and James Edward Pelzer, individually, the Clerk of the Appellate Division, Second Judicial Department, Defendants–Appellees.

No. 07–1479–cv.

United States Court of Appeals, Second Circuit.

Feb. 24, 2009.

Solomon Abrahams, Scarsdale, NY, pro se.

Robert Weisz, Assistant Solicitor General (Benjamin Gutman, Deputy Solicitor General, on the brief), for Andrew M. Cuomo, Attorney General, New York, NY, for Appellees.

Present REENA RAGGI, PETER W. HALL, Circuit Judges, and GERARD E. LYNCH, District Judge.*

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court, entered on February 8, 2007, is AFFIRMED.

*Pro se* plaintiff Solomon Abrahams appeals the dismissal of his complaint suing defendants for damages sustained as a result of an interim order suspending him from the practice of law. The district court dismissed the complaint for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Moreover, it ruled that the judicial defen-

dants, Gail Prudenti, David S. Ritter, Frank Santucci, and Robert Schmidt, were protected by absolute immunity. The district court also declined to exercise supplemental jurisdiction over Abrahams's state law claims. This Court reviews *de novo* the dismissal of a complaint pursuant to Rules 12(b)(1) and 12(b)(6), accepting all pleaded factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. *See Ganino v. Citizens Utils. Co.,* 228 F.3d 154, 161 (2d Cir.2000). We review a district court's decision not to exercise supplemental jurisdiction for abuse of discretion. *See Klein & Co. Futures, Inc. v. Bd. of Trade of New York,* 464 F.3d 255, 262 (2d Cir.2006). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Abrahams argues that the *Rooker–Feldman* doctrine does not bar his federal claims against the individual judicial defendants because he is not challenging a state judgment but, rather, the justices' jurisdiction to issue *sua sponte* the October 2002 interim order suspending his practice of law.[1] We are not persuaded. A challenge to a state judge's exercise of jurisdiction to suspend an attorney from practice is, in effect, a request to review the state court's judgment suspending the attorney from practice, which is precluded by the *Rooker–Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) (*Rooker–Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments ... and inviting dis-

---

* The Honorable Gerard E. Lynch, of the United States District Court for Southern District of New York, sitting by designation.

1. Plaintiff appeals only the dismissal of his claims against the individual justices; he con-

cedes that the dismissal of his claims against the Second Judicial Department of the Appellate Division and the Clerk of the Appellate Division, James Edward Pelzer, was correct.

trict court review and rejection of those judgments.").

■ Similarly meritless is Abrahams's argument that the justices are not protected by judicial immunity from a § 1983 suit for damages[2] because they acted in the "absence of all jurisdiction" in suspending his license to practice law. *See Mireles v. Waco,* 502 U.S. 9, 12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) ("[A] judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."). Under New York Judiciary Law § 90(4)(f), the Appellate Division of the Supreme Court, upon notice of an attorney's record of conviction of a "serious crime," "shall" suspend the attorney until it issues a final order. *See also* N.Y. Jud. Law § 90(4)(g). Here, plaintiff had been convicted of criminal contempt, which constitutes a "serious crime" under New York law. *In re Brecker,* 309 A.D.2d 77, 764 N.Y.S.2d 455, 457 (2d Dep't 2003). A panel of the Appellate Division, Second Department, comprised of the defendant justices, properly ordered Abrahams's suspension upon receiving notice of his conviction pursuant to § 90. *See id.* (conviction for criminal contempt warrants suspension from practice of law).

■ To the extent Abrahams argues that the individual justices exceeded their jurisdiction in issuing the interim order *sua sponte,* that argument is also without merit. Section 90(4)(f) provides that "[a]ny attorney and counsellor-at-law convicted of a serious crime ... *shall* be suspended *upon the receipt* by the appellate division of the supreme court of the record of such conviction until a final order is made." N.Y. Jud. Law § 90(4)(f) (emphases added). This language necessarily contemplates that the Appellate Division will issue interim suspension orders *sua sponte,* upon receipt of an attorney's record of conviction. Before a *final* order can be issued, the attorney must be afforded an opportunity to show cause—at a hearing, if requested—why he should not be suspended. *See* N.Y. Jud. Law § 90(4)(g), (h). Because the justices did not act in the absence of jurisdiction, absolute immunity warranted dismissal of the complaint against them for any alleged damages arising from the issuance of the interim suspension order.

Having dismissed all of Abrahams's federal claims early in the litigation, the district court acted within its discretion in declining to exercise supplemental jurisdiction over pendent state law claims. *See Klein & Co. Futures, Inc. v. Bd. of Trade of New York,* 464 F.3d at 262.

For the foregoing reasons, the judgment of dismissal is AFFIRMED.

---

2. Plaintiff's amended complaint withdrew the request for declaratory relief and now seeks only monetary damages.

