In the Matter of MARK C. GUGINO, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [923 NYS2d 232]—

Per Curiam. Respondent was admitted to practice by this Court in 1997 and maintains an office for the practice of law in the Village of Spencer, Tompkins County.

Petitioner moves to confirm a Referee's report as to those charges and specifications that the Referee sustained and to disaffirm the report as to those portions that the Referee did not sustain. Respondent opposes the motion as to the charges and specifications that were sustained. We have heard respondent in mitigation.

We grant petitioner's motion to confirm the Referee's report and deny the motion to disaffirm the report in accordance with the findings of professional misconduct set forth in this decision and order. We find that, in violation of the Code of Professional Responsibility and the Rules of Professional Conduct,* respondent charged excessive fees; engaged in conduct merely to harass or maliciously injure his clients and former clients; engaged in

---

* The alleged misconduct occurred prior to and after April 1, 2009, the effective date of the Rules of Professional Conduct.

conflicts of interest; engaged in conduct involving dishonesty, fraud, deceit or misrepresentation; disclosed confidential and privileged information; neglected client matters; attempted to withdraw from representation of a client without permission of the court and to the detriment of the client; and attempted to mislead and deceive petitioner (see Code of Professional Responsibility DR 2-106 [a]; DR 1-102 [a] [4], [5], [7]; DR 7-102 [a] [1]; DR 5-105 [a], [b]; DR 4-101 [b] [1], [3]; DR 6-101 [a] [3]; DR 2-110 [a] [22 NYCRR 1200.11 (a); 1200.3 (a) (4), (5), (7); 1200.33 (a) (1); 1200.24 (a), (b); 1200.19 (b) (1), (3); 1200.30 (a) (3); 1200.15 (a)]; Rules of Professional Conduct [22 NYCRR 1200.0] rules 8.4 [d]; 4.4 [a]; 1.6 [a] [1]; 1.3 [b]). In aggravation of respondent's misconduct, petitioner cites three prior letters of caution in 2000, 2004 and 2005, as well as a letter of admonition in 2002, all of which involve misconduct similar to the charges alleged in the petition.

Under all of the circumstances presented, we conclude that respondent should be suspended from the practice of law for a period of one year (see e.g. Matter of Koziol, 76 AD3d 1136 [2010], appeal dismissed 15 NY3d 943 [2010]; Matter of Griffin, 278 AD2d 581 [2000]). Further, in addition to demonstrating compliance with this Court's rule on reinstatement of attorneys (see 22 NYCRR 806.12), any reinstatement application by respondent shall also be supported by a medical report indicating his capacity to resume the practice of law and proof that he has made a meaningful attempt to address the issues that led to his suspension.

Spain, J.P., Lahtinen, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that petitioner's motion to confirm the Referee's report is granted; and it is further ordered that, to the extent petitioner moves to disaffirm the Referee's report, the motion is denied; and it is further ordered that, to the extent respondent moves to disaffirm the Referee's report, the motion is denied; and it is further ordered that respondent is found guilty of the professional misconduct charged and specified in the petition of charges, except for specification two of charge one, specification one of charge two, and specification one of charge five; and it is further ordered that respondent is suspended from the practice of law for a period of one year, effective 20 days from the date of this decision, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before

any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that, upon any application for reinstatement, respondent shall make the showing required by this Court's rules (*see* 22 NYCRR 806.12) and shall submit a medical report indicating his capacity to resume the practice of law and proof that he has made a meaningful attempt to address the issues that led to his suspension; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).