In the Matter of THOMAS P. McQUADE, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [976 NYS2d 414]—

Per Curiam. Respondent was admitted to practice by this Court in 1993. He maintains an office for the practice of law in Albany County.

By petition of charges dated February 23, 2012, respondent was charged with neglecting a client matter, engaging in conduct prejudicial to the administration of justice that adversely reflected on his fitness as a lawyer, and failing to cooperate with petitioner's investigation (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.3 [b]; 1.15 [c] [4]; 8.4 [d], [h]). In his

answer, respondent admitted all of the alleged misconduct, which specifically involved, among other things, being held in contempt for failing to comply with court orders and failing to turn over his file to a fiduciary and the fiduciary's counsel.

By supplemental petition of charges dated October 15, 2012, respondent was charged with various acts of similar misconduct. After he denied the charges, the matter was referred to a Referee, who presided over a hearing with respect thereto and subsequently sustained all of the charges. Petitioner now moves to confirm the Referee's report and respondent cross-moves to reject it.

We find respondent guilty of professional misconduct as charged and specified in the supplemental petition of charges, and thus grant and deny the motion and cross motion accordingly. In particular, respondent neglected client matters, failed to communicate with his clients and again failed to cooperate with petitioner's investigation (see former Code of Professional Responsibility DR 6-101 [a] [3] [22 NYCRR 1200.30 (3)]; Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.3 [b]; 1.4, 8.4 [d]).* Notably, respondent's neglect here resulted in, among other things, sanctions imposed by the United States District Court for the Northern District of New York. In aggravation of petitioner's misconduct, we note that he received a letter of admonition in 2011 for, among other things, failing to appear in court or timely respond to substitute counsel and the court.

We have heard respondent in mitigation, where he cited a number of personal difficulties, including serious health problems. Nevertheless, "[a]ttorneys must attend to their clients' interests punctually and with vigor despite distracting and stressful intrusions or advise their clients to obtain other counsel; neither do such intrusions excuse an attorney's duties to promptly and fully cooperate with petitioner" (Matter of Cannon, 284 AD2d 721, 722 [2001]).

Under all of the circumstances presented, we conclude that respondent should be suspended from the practice of law for a period of 18 months. Upon any application for reinstatement, respondent shall, in addition to the showing required by this Court's rule (see 22 NYCRR 806.12 [b]), submit a medical opinion indicating that he possesses the capacity to resume the practice of law.

Rose, J.P., McCarthy, Spain and Egan Jr., JJ., concur. Ordered that respondent is found guilty of the charges and specifications

---

* Certain of the alleged misconduct occurred prior to the April 1, 2009 enactment of the Rules of Professional Conduct.

set forth in the petition and supplemental petition; and it is further ordered that petitioner's motion to confirm the Referee's report is granted; and it is further ordered that respondent's cross motion to reject the Referee's report is denied; and it is further ordered that respondent is suspended from the practice of law for a period of 18 months, effective 20 days from the date of this decision, and until further order of this Court; and it is further ordered that, for the period of his suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).