Matter of Foo (2018 NY Slip Op 01700)





Matter of Foo


2018 NY Slip Op 01700


Decided on March 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2018


[*1]In the Matter of STANLEY CHANG WOON FOO, an Attorney. 
(Attorney Registration No. 4846002)

Calendar Date: February 20, 2018

Before: Egan Jr., J.P., Devine, Mulvey, Rumsey and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
John J. Mueller, Albany, for respondent.



MEMORANDUM AND ORDER
Respondent was admitted to practice by this Court in 2010. He was previously admitted to practice in 1995 by the Law Society of British Columbia and lists a business address in Vancouver, Canada with the Office of Court Administration.
In June 2014, the Hearing Panel on Disciplinary Action in British Columbia determined that respondent committed professional misconduct based upon statements made to a social worker (hereinafter A.M.) while at a courthouse. In January 2014, the Hearing Panel suspended respondent for two weeks and issued a fine based upon his misconduct [FN1]. Accordingly, the
Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves this Court to impose discipline upon respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 based upon the discipline imposed in British Columbia. Respondent opposes AGC's motion, contending, in part, that the misconduct for which he was disciplined in British Columbia does not constitute misconduct in this state. AGC has replied to respondent's opposition.
Upon consideration of the facts, circumstances and record
before us, we conclude that respondent has not established that the misconduct for which he was disciplined in British Columbia does not constitute misconduct in this state (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b] [3]). Respondent's discipline in British Columbia stems from inappropriate comments made to A.M. in a crowded courthouse. Specifically, respondent approached A.M. and remarked that he "should shoot" her because she "takes away too many kids." Throughout the proceedings in British Columbia, respondent contended that his comments were a "joke gone bad" and that he had no intent to threaten A.M. However, similar to the determination of the Hearing Panel, we find that the context in which respondent's statements were made is particularly relevant in determining that his conduct violates our Rules of Professional Conduct (22 NYCRR 1200.0). Respondent's statements were uttered to a social worker for the Ministry of Children and Family Development, an entity that regularly was an adversary based upon the nature of respondent's work, in a crowded courthouse in front of colleagues and parents, the latter of whom are frequently in a contentious and emotional state. What respondent fails to recognize is that his statements could be construed as a threat — even if not intended as such. Indeed, A.M. testified that she perceived his statements as a threat. Accordingly, while respondent may have intended his words as a joke, we find that his words served no substantial purpose other than to harm or embarrass A.M. (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 4.4 [a]; see also Matter of Gugino, 83 AD3d 1200, 1200 [2011]). Further, in light of respondent's history of uttering aggressive and inappropriate remarks to parties with whom he had dealings and the context in which such remarks were spoken here, we find that his statements were prejudicial to the administration of justice and adversely reflected on his fitness as a lawyer (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 8.4 [d], [h]; see generally Matter of Teague, 131 AD3d 268, 269 [2015], appeal dismissed 26 NY3d 959 [2015], lv denied 26 NY3d 912 [2015]; Matter of Stern, 118 AD3d 85, 88 [2014]; Matter of Brecker, 309 AD2d 77, 79 [2003]).
Having found that respondent's actions constitute professional misconduct, we turn to the appropriate discipline to be imposed (see Matter of Vega, 147 AD3d 1196, 1198 [2017]). The parties have submitted no aggravating or mitigating factors for our consideration. However, based on our review of the record before us and in light of the severity of respondent's misconduct, we find that public censure is an appropriate sanction to "protect the public, maintain the honor and integrity of the profession[ and] deter others from committing similar misconduct" (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).
Egan Jr., J.P., Devine, Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is censured.



Footnotes

Footnote 1: Respondent unsuccessfully appealed his suspension first to the Bencher's Review Panel (see Matter of Foo [2015], 2015 LSBC 34 [BC LSDH Pan]). His most recent appeal to the Court of Appeal for British Columbia was dismissed in April 2017 (see Foo v Law Society of British Columbia, 2017 BCCA 151, 97 BCLR [5th] 148 [BC CA]).