Matter of Matemu (2021 NY Slip Op 04078)





Matter of Matemu


2021 NY Slip Op 04078


Decided on June 24, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 24, 2021

PM-90-21
[*1]In the Matter of Japheth Nthautha Matemu, an Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Japheth Nthautha Matemu, Respondent. (Attorney Registration No. 4607313.)

Calendar Date:May 3, 2021

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for petitioner.
Dreyer Boyajian LLP, Albany (Joshua R. Friedman of counsel), for respondent.



Per Curiam.
Respondent was admitted to practice by this Court in 2008 and resides in North Carolina, where he is not admitted but practices federal immigration law on the strength of his New York license. In January 2021, petitioner commenced this disciplinary proceeding alleging, in three charges, that respondent had violated five Rules of Professional Conduct (22 NYCRR 1200.0) by, among other things, unreasonably disclosing confidential information to the disadvantage of a client, failing to promptly refund an unearned fee and attempting to deceive petitioner during the course of its investigation of his professional misconduct. In lieu of filing an answer, respondent has instead joined with petitioner in moving this Court by consent to resolve the petition by imposing a suspension from the practice of law of no more than six months in duration.
As required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8 (a) (5) (i) (A), the parties have submitted a stipulation of facts. Consequently, it is undisputed that respondent's actions violated Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.6 (a); 1.16 (e); 3.3 (b); and 8.4 (c) and (d). In compliance with Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8 (a) (5) (i) (b) and (5) (iii), respondent has also submitted an affidavit in which he has conditionally admitted the relevant facts and acknowledges that the admitted facts establish that he engaged in the stipulated professional misconduct. Further, respondent consents to the agreed-upon discipline of a suspension from the practice of law of no more than six months, which consent is given freely and voluntarily without coercion or duress. Lastly, respondent attests that he is fully aware of the consequences of consenting to such discipline.
As is required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8 (a) (5) (i) (c), the parties also set forth in the joint affirmation the applicable factors to be considered with respect to aggravation and mitigation. In regard to aggravating factors, the affirmation sets forth respondent's disciplinary history, which includes three prior instances of private discipline (see e.g. Matter of Parrinello, 156 AD3d 1216, 1217-1218 [2017] Matter of Rockmacher, 150 AD3d 1528, 1529 [2017]). As for mitigation, respondent expresses his remorse for his misconduct and poor judgment. Respondent also provides numerous letters in support setting forth his commitment to staying active in his underserved community and serving as a mentor and source of support for new attorneys starting out in the field of immigration law.
Having considered the parties' joint affirmation, the parties' stipulation of facts, respondent's conditional admissions, the parties' summation of aggravating and relevant circumstances and the recitation of the parties' agreed-upon disciplinary sanction, we grant the joint motion. Moreover, upon review of the stipulated misconduct and taking note of respondent's [*2]past disciplinary history, we find that, while the charges of professional misconduct are serious, the maximum recommended sanction is appropriate under the circumstances and is not inconsistent with our prior precedent (see e.g. Matter of Freeman, 190 AD3d 1251 [2021]; Matter of Gugino, 83 AD3d 1200 [2011]). Accordingly, we hold that, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent be suspended from the practice of law for a period of six months.
Egan Jr., J.P., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the joint motion by the parties is granted; and it is further
ORDERED that respondent is suspended from the practice of law for a period of six months, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).