[925 NYS2d 635]

In the Matter of Bill Tsoumpelis, an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, June 21, 2011

## APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge (*Michael J. Kearse* of counsel), for petitioner.

*Bill Tsoumpelis*, Mineola, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing two charges of professional misconduct. After a hearing at which the respondent appeared pro se, the Special Referee sustained charge one but did not sustain charge two. The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) now moves to confirm in part, and disaffirm in part, the report of the Special Referee. The respondent has neither cross-moved nor submitted any papers in response to the Grievance Committee's motion.

The two charges of the petition are based on a common set of factual allegations. By letter dated March 11, 2009, the respondent was advised of a complaint filed with the Grievance Committee by Joann Como (hereinafter the Como complaint) and was asked to submit a written response within 10 days. Although the respondent requested, and was granted, a 30-day extension in which to submit a written response to the Como complaint on March 20, 2009, no response was received.

By letter dated June 9, 2009, sent via certified mail to the respondent's business address, the respondent was asked to submit a written answer to the Como complaint within five days of receipt of the letter. No response was received.

On July 15, 2009, the respondent requested, and was granted, an extension of time until July 24, 2009, to file a written response to the Como complaint, but no response was received.

By letter dated August 5, 2009, sent via certified mail to the respondent's business address, the respondent was directed to

submit a written answer to the Como complaint forthwith. No response was received.

On October 6, 2009, two judicial subpoenas (hereinafter the subpoenas) were personally delivered to the respondent's office, and copies were mailed to his office, directing him to appear at the office of the Grievance Committee on October 15, 2009, and to produce, inter alia, his file related to legal work performed for Joann Como.

On October 6, 2009, the respondent requested, and was granted, an extension of time to submit a written response to the Como complaint on or before October 15, 2009, in lieu of personally appearing at the Grievance Committee's office on that date, pursuant to the subpoenas. The respondent did not submit a written response on or before October 15, 2009, or appear at the office of the Grievance Committee on that date.

By letter dated November 5, 2009, sent via certified mail to the respondent's business address, the respondent was directed to submit a written answer to the Como complaint forthwith. No response was received.

As of March 11, 2010, the respondent had failed to submit a written response to the Como complaint.

Charge one alleges that the respondent has been guilty of engaging in conduct prejudicial to the administration of justice by failing to comply with legitimate demands of the Grievance Committee made in connection with an investigation into his professional misconduct, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d).

Charge two alleges that the respondent has been guilty of engaging in conduct which reflects adversely on his fitness as a lawyer by failing to comply with legitimate demands of the Grievance Committee made in connection with an investigation into his professional misconduct, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h).

In view of the respondent's admissions and the evidence adduced, the Special Referee properly sustained charge one but improperly failed to sustain charge two. The Grievance Committee's motion to confirm the Special Referee's report in part, and disaffirm in part, is granted.

In determining an appropriate measure of discipline to impose, we note that the respondent has a prior disciplinary history consisting of a letter of caution in July 2003 for failing to devote proper attention to client matters, failing to maintain

proper levels of communication, and failing to timely cooperate with the Grievance Committee upon request; an admonition in July 2003 for neglecting a legal matter and failing to timely cooperate with the Grievance Committee upon request; and a letter of caution in May 2005 for failing to devote proper attention to client matters and failing to properly and timely cooperate with the Grievance Committee upon request. However, we have also considered the health and financial problems experienced by the respondent during the period in question.

Under the totality of circumstances, the respondent is censured for his professional misconduct.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

Ordered that the petitioner's motion to confirm in part, and disaffirm in part, the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Bill Tsoumpelis, is censured for his professional misconduct.