[925 NYS2d 891]

In the Matter of WYNMAN CHANG, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 28, 2011

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Antonia Cipollone* of counsel), for petitioner.

*Wynman Chang*, Mableton, Georgia, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The respondent was duly served with a petition containing two charges of professional misconduct. He did not serve an answer within the time set forth by the Court's decision and order dated June 3, 2010 (2010 NY Slip Op 73343[U]).

On October 8, 2010, a conference call was conducted between the petitioner, the respondent, and the Special Referee, wherein the respondent stated that he did not dispute the charges; that he wished for his letter to the petitioner dated September 30, 2010 to serve as his answer; and that he did not wish to appear for a hearing. It was agreed that the petitioner would draft a stipulation of facts and evidence and forward it to the respondent for his review. The stipulation, with attachments, was subsequently marked into evidence. The Special Referee thereafter sustained charges one and two of the petition. The petitioner now moves to confirm the report of the Special Referee. The respondent has neither cross-moved nor submitted any papers in response to the petitioner's motion.

Charge one alleges that, contrary to the requirements of Judiciary Law § 468-a (1) and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1, the respondent failed to reregister as an attorney for the 2005-2006 biennial registration period, and every period thereafter, until on or about October 1, 2010, when he updated his attorney registration from 2005 through the present.

Charge two alleges that the respondent failed to cooperate with the efforts of the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) to

investigate his failure to reregister between May 22, 2008 and September 29, 2010, by not responding to letters and phone calls from the Grievance Committee.

In sustaining charges one and two, the Special Referee determined that the respondent was guilty of engaging in conduct which is prejudicial to the administration of justice by failing to reregister as an attorney and counselor-at-law in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d), as well as conduct which reflects adversely on his fitness as a lawyer by failing to cooperate with the Grievance Committee in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h).

Based upon the respondent's admissions and the evidence adduced, the Special Referee properly sustained charges one and two. The petitioner's motion to confirm the Special Referee's report must, therefore, be granted.

In determining an appropriate measure of discipline to impose, we note that the respondent has no prior disciplinary history. Moreover, we have also considered the financial difficulties experienced by the respondent during the period in question.

Under the totality of the circumstances, the respondent is reinstated to the practice of law, effective immediately, and is thereupon censured for his professional misconduct.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and BALKIN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Wynman Chang, is reinstated to the practice of law, effective immediately, and is thereupon censured for his professional misconduct.