OPINION OF THE COURT
Per Curiam.
The Grievance Committee for the Tenth Judicial District served the respondent with a petition containing three charges of professional misconduct. After a hearing, the Special Referee sustained all three charges. The Grievance Committee now moves for an order confirming the report of the Special Referee and imposing such discipline upon the respondent as the Court deems just and proper. The respondent opposes the Grievance Committee’s motion, and cross-moves to disaffirm the report and dismiss the petition. In the alternative, the respondent requests that this Court impose minimal or no discipline.
Charge one alleges that the respondent engaged in conduct that is prejudicial to the administration of justice in violation of former Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) by failing to file biennial registration statements with the Office of Court Administration and pay the designated fees for the seven consecutive registration periods beginning 1999-2000 and ending in 2011-2012.
Charge two alleges that the respondent engaged in conduct that is prejudicial to the administration of justice in violation of former Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) by failing to comply with the legitimate demands of the Grievance Committee made in connection with its investigation. Despite repeated requests for him to reregister, the respondent failed to comply or cooperate with the Grievance Committee.
Charge three alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer in violation of former Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) by failing to comply with the legitimate demands of the Grievance Committee made in connection with *134 its investigation. Despite repeated requests for him to reregister, the respondent failed to comply or cooperate with the Grievance Committee.
In view of the respondent’s admissions, and the evidence adduced, the Special Referee properly sustained charges one through three. The Grievance Committee’s motion to confirm the report of the Special Referee is granted, and the respondent’s cross motion to disaffirm the Special Referee’s report is denied.
In determining an appropriate measure of discipline to impose, we find that the respondent’s initial misconduct was compounded by his failure to cooperate with the Grievance Committee (see Matter of Chang, 87 AD3d 22 [2011]). However, the respondent has no prior disciplinary history; his conduct corresponds with a protracted period of personal difficulties; he has demonstrated neither venality nor dishonesty; he has demonstrated contrition; and he has taken remedial measures by bringing his attorney registration current.
Under the totality of the circumstances, the respondent is publicly censured for his professional misconduct.
Rivera, J.E, Skelos, Dillon, Angiolillo and Hall, JJ., concur.
Ordered that the petitioner’s motion to confirm the Special Referee’s report is granted; and it is further,
Ordered that the respondent’s cross motion to disaffirm the Special Referee’s report is denied; and it is further,
Ordered that the respondent, Roger A. Nehrer is publicly censured for his professional misconduct.