[993 NYS2d 109]

# In the Matter of Michael C. DeLisa, an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, September 24, 2014

**APPEARANCES OF COUNSEL**

*Robert A. Green*, Hauppauge (*Elizabeth A. Grabowski* of counsel), for petitioner.

*Chris G. McDonough*, Garden City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated January 16, 2013, containing two charges of professional misconduct. After a hearing, the Special Referee sustained both charges. The Grievance Committee now moves for an order confirming the report of the Special Referee, and imposing such discipline upon the respondent as this Court deems just and proper. The respondent joins in the Grievance Committee's motion to the extent that it seeks to confirm the Special Referee's finding that he failed to respond to three of the Grievance Committee's lawful demands for an answer: an oral demand at an examination under oath (hereinafter EUO) held on January 19, 2012, and the Grievance Committee's letters dated February 10, 2012 and April 6, 2012. He requests that this Court impose a sanction no greater than a public censure.

The charges herein are based on a common set of facts. By letter dated September 14, 2011, sent via first-class mail to the respondent's home/office address, the Grievance Committee provided the respondent with a copy of a complaint filed against him by Allan G. Schulman (hereinafter the Schulman complaint), and requested that he submit a written response to the Schulman complaint within 10 days. Although the Grievance Committee's September 14, 2011 letter was not returned as "undelivered," the respondent failed to submit a timely written response.

By letters dated October 13, 2011, sent via first-class mail and certified mail, return receipt requested, to the respondent's home/office address, the Grievance Committee provided the respondent with a copy of its previous letter, and requested that he submit a written response to the Schulman complaint within 10 days. Although the Grievance Committee's October 13, 2011 letter, which was sent via certified mail, return receipt

requested, was returned "unclaimed," the letter sent via first-class mail was not returned as "undelivered." Nonetheless, the respondent failed to submit a timely written response to the Schulman complaint.

By letters dated November 30, 2011, sent via first-class mail and certified mail, return receipt requested, to the respondent's home/office address, the Grievance Committee provided the respondent with a copy of its October 13, 2011 letter and requested that he submit a written response to the Schulman complaint within 10 days, together with an explanation for his failure to timely cooperate with the Grievance Committee. Although the Grievance Committee's November 30, 2011 letter, which was sent via certified mail, return receipt requested, was returned "unclaimed," the letter sent via first-class mail was not returned as "undelivered." Nonetheless, the respondent failed to submit a timely written response to the Schulman complaint.

On December 23, 2011, the respondent was personally served with a judicial subpoena and judicial subpoena duces tecum, commanding his appearance at the offices of the Grievance Committee on January 19, 2012, and requiring the production of documents related to the Schulman complaint.

On January 19, 2012, the respondent appeared at the Grievance Committee's offices for an EUO in connection with the Schulman complaint. At that time, he agreed to submit a written response to the complaint within 10 days. However, the respondent failed to submit a timely written response.

By letter dated February 10, 2012, sent via first-class mail and certified mail, return receipt requested, to an address provided by the respondent at the EUO held on January 19, 2012, the Grievance Committee requested that he submit a written response to the Schulman complaint within 10 days, together with an explanation for his failure to timely cooperate with the Grievance Committee. The February 10, 2012 letter, which was sent via first-class mail, was not returned as "undelivered," and the postal receipt reflects that the letter sent via certified mail, return receipt requested, was delivered on February 17, 2012. Nonetheless, the respondent failed to submit a timely written response to the Schulman complaint.

By letter dated April 6, 2012, sent via certified mail, return receipt requested, to the address provided by the respondent, the Grievance Committee provided the respondent with a copy of its February 10, 2012 letter and requested that he submit a

written response to the Schulman complaint within seven days, together with an explanation for his failure to timely cooperate with the Grievance Committee. Postal records reflect that the letter dated April 6, 2012 was delivered on April 14, 2012. Nonetheless, the respondent failed to submit a timely written response to the Schulman complaint.

On June 12, 2012, the respondent was personally served with a judicial subpoena and judicial subpoena duces tecum, commanding his appearance at the offices of the Grievance Committee on June 15, 2012, and requiring the production of documents related to the Schulman complaint. The respondent failed to appear at the Grievance Committee's offices, or produce the required documents.

As of January 16, 2013, the respondent had failed to submit a written response to the Schulman complaint.

Charge one alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to properly respond to the lawful demands of the Grievance Committee in its investigation of the Schulman complaint, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d).

Charge two alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h), based upon the factual specifications of charge one.

In view of the respondent's admissions, and the evidence adduced at the hearing, we conclude that the Special Referee properly sustained both charges. We reject the respondent's contention that the Grievance Committee failed to establish proper service of its various demands including, but not limited to, the judicial subpoena and judicial subpoena duces tecum commanding his appearance at the offices of the Grievance Committee on June 15, 2012. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the letters and affidavits offered by the respondent in mitigation, which generally attest to his good character and reputation in the community. The respondent's prior disciplinary history consists of one letter of admonition, dated September 24, 1999, arising from his failure to re-register as an attorney, as well as his failure to provide an explanation for the same in response to the Grievance Committee's inquiries.

Under the totality of the circumstances, the respondent is publicly censured for his misconduct (*see Matter of Tsoumpelis*, 88 AD3d 68 [2011]).

MASTRO, J.P., RIVERA, SKELOS, DILLON and LEVENTHAL, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Michael C. DeLisa, is censured for his professional misconduct.