[54 NYS3d 427]

In the Matter of MITCHELL S. ROSS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 10, 2017

**APPEARANCES OF COUNSEL**

*Mitchell T. Borkowsky*, Hauppauge (*Ian P. Barry* of counsel), for petitioner.

*Michael S. Ross*, New York City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter petitioner) served the respondent with a petition dated March 12, 2014, containing two charges of professional misconduct. The petitioner and the respondent now move pursuant to 22 NYCRR 1240.8 (a) (5) for discipline by consent, and request the imposition of a public censure. As required by 22 NYCRR 1240.8 (a) (5) (i) (a), the parties have submitted a stipulation of facts which provides, in relevant part, as follows:

> "4. On or about June 27, 2013, the petitioner received a complaint alleging that the respondent

engaged in professional misconduct with respect to a real estate transaction.

"5. By letter dated July 9, 2013, mailed to the respondent's office address then on file with the Office of Court Administration, the petitioner informed the respondent that an investigation had been commenced into respondent's alleged professional misconduct, and requested that the respondent provide a written response to the allegations contained within the complaint within ten (10) days of his receipt of said letter.

"6. The respondent failed to respond to the petitioner's July 9, 2013 letter.

"7. By letter dated August 5, 2013, sent via certified mail, return receipt requested, to the respondent's office address then on file with the Office of Court Administration, the petitioner provided a copy of petitioner's previous letter to the respondent, and again requested that the respondent provide a written response to the allegations contained within the complaint, within ten (10) days of his receipt of said letter.

"8. The respondent failed to respond to petitioner's August 5, 2013 letter.

"9. By letter dated September 30, 2013, sent via certified mail, return receipt requested, to the respondent's office address then on file with the Office of Court Administration, the petitioner provided copies of petitioner's previous letters to the respondent, and again requested that the respondent provide a written response to the allegations contained within the complaint, within ten (10) days of his receipt of said letter.

"10. The respondent failed to respond to petitioner's September 30, 2013 letter.

"11. By letter dated November 22, 2013, sent via certified mail, return receipt requested, to the respondent's office address then on file with the Office of Court Administration, the petitioner provided copies of the petitioner's previous letters to the respondent, and demanded a response from the re-

spondent, pursuant to Appellate Division, Second Department Rule 691.4 (l) (1) (i) [22 NYCRR Section 691.4 (l) (1) (i)], within ten (10) days of his receipt of said letter.

"12. The respondent failed to respond to petitioner's November 22, 2013 letter.

"13. A judicial subpoena and judicial subpoena duces tecum, demanding that the respondent appear at petitioner's offices on January 30, 2014 for an examination under oath, were served upon the respondent at his office address then on file with the Office of Court Administration.

"14. The respondent did not appear at petitioner's offices as directed by the judicial subpoena nor did he provide the documents requested by the judicial subpoena duces tecum."

As required, the respondent has submitted an affidavit in which he conditionally admits the foregoing facts, and that those facts establish that he has engaged in conduct prejudicial to the administration of justice, which conduct also adversely reflects on his fitness as a lawyer, in violation of rule 8.4 (d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), respectively. The respondent further consents to the agreed discipline of a public censure, which consent is given freely and voluntarily without coercion or duress. Lastly, the respondent states that he is fully aware of the consequences of consenting to such discipline, as he has discussed such consequences with his attorney.

The respondent has no prior disciplinary history and the parties state that there are no aggravating factors involved in this matter.

As to mitigation, the parties note that at all times mentioned in the joint affirmation in support of the motion, the respondent practiced law from his residence, and not the office address on file with the Office of Court Administration (hereinafter OCA). The respondent acknowledges that he was required to register biennially with the OCA, and to file any changes in his registration information within 30 days of the change. As a result of the respondent's failure to update his office address with the OCA, the respondent did not receive any of the papers in this proceeding, as service was effectuated by affixing the papers to his office address which was then on file. Upon learn-

ing of his disbarment, the respondent immediately retained counsel, and by motion dated April 21, 2016, moved pursuant to Judiciary Law § 90 (6), to vacate the disbarment order, and to vacate so much of this Court's July 17, 2014 order as imposed an immediate suspension from the practice of law. The parties agree that "[t]he respondent accepted responsibility for his failure to update his office address with the Office of Court Administration, and was remorseful and apologetic."

As to the appropriate sanction, the parties contend that the request for the imposition of a public censure is in accord with precedent from this Court involving an attorney's failure to cooperate with the legitimate investigative function of the Grievance Committee (*see Matter of Nehrer*, 113 AD3d 132 [2013]; *Matter of Tsoumpelis*, 88 AD3d 68 [2011]; *Matter of Chang*, 87 AD3d 22 [2011]).

Based upon the foregoing, we find that the request for discipline by consent pursuant to 22 NYCRR 1240.8 (a) (5) should be granted, and that a public censure is warranted in view of the respondent's admitted misconduct as well as the mitigating factors presented herein.

ENG, P.J., MASTRO, RIVERA, DILLON and HALL, JJ., concur.

Ordered that the joint motion pursuant to 22 NYCRR 1240.8 (a) (5) for discipline by consent is granted; and it is further,

Ordered that the respondent, Mitchell S. Ross, is publicly censured for his misconduct.