Per Curiam.
 

 Respondent was admitted to practice by the Fourth Department in 1965 and maintains an office for the practice of law in Monroe County. By September 2016 order, respondent’s file was transferred to this Court by order of the Appellate Division, Fourth Judicial Department.
 

 In June 2017, following an investigation, petitioner filed a petition of charges alleging, in a single charge, that respondent violated three Rules of Professional Conduct as the result of his unauthorized disclosure of confidential client information to a news agency. Respondent substantively denied the allegations in his July 2017 answer. By motion returnable October 10, 2017, the parties now jointly move for the imposition of a public censure upon respondent upon the consent of the parties (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5]).
 

 As required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8 (a) (5) (i) (a), the parties have submitted a stipulation of facts. Consequently, it is undisputed that respondent publicly revealed confidential client information about a deceased former client which was “protected by the attorney client relationship.” In compliance with Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8 (a) (5) (i) (6), respondent has also submitted an affidavit in which he has conditionally admitted the relevant facts, and that those admitted facts establish that he knowingly revealed confidential client information, which conduct adversely reflected upon his fitness as a lawyer and was prejudicial to the administration of justice, all in contravention of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.6 (a), 8.4 (d) and (h). Further, respondent consents to the agreed discipline of a public censure, which consent is given freely and voluntarily without coercion or duress. Lastly, respondent avers that he is fully aware of the consequences of consenting to such discipline.
 

 As is required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8 (a) (5) (i) (c), the parties also set forth in the joint affirmation the applicable factors to be considered with respect to aggravation and mitigation. In regard to aggravating factors, the affirmation sets forth respondent’s disciplinary history, which includes, among other things, an instance of private discipline, as well a prior six-month suspension (Matter of Parrinello, 143 AD3d 1295 [2016]; Matter of Parrinello, 141 AD3d 170 [2016]), all for conduct dissimilar to the subject petition of charges. As to mitigation, respondent expresses his remorse and regret for any anguish suffered by his former client’s family due to his improvident and improper remarks. Further mitigating factors presented include a recitation of respondent’s various pro bono representations and his longstanding history of community and charitable activities.
 

 Now, having considered the parties’ joint affirmation, the parties’ stipulation of facts, respondent’s conditional admissions, the parties’ summation of aggravating or mitigating circumstances and the recitation of the parties’ agreed-upon disciplinary sanction, we grant the joint motion. Accordingly, we hold that, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent should be censured (see generally Matter of Ross, 151 AD3d 6, 9-10 [2017]).
 

 Peters, P.J., McCarthy, Egan Jr., Devine and Pritzker, JJ., concur.
 

 Ordered that the joint motion by petitioner and respondent is granted; and it is further ordered that respondent is censured.