Matter of Reddington (2020 NY Slip Op 08148)





Matter of Reddington


2020 NY Slip Op 08148


Decided on December 31, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 31, 2020

PM-175-20

[*1]In the Matter of Matthew Stephen Reddington, an Attorney. (Attorney Registration No. 4734000.)

Calendar Date: December 22, 2020

Before: Lynch, J.P., Mulvey, Aarons and Reynolds Fitzgerald, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Dreyer Boyajian LLP, Albany (Joshua R. Friedman of counsel), for respondent.



Per Curiam.
Respondent was admitted to practice by this Court in 2009. He currently lists a business address in Houston, Texas, where he practices federal tax law. In March 2018, respondent was convicted and sentenced in Virginia for solicitation of a prostitute (see VA Code Ann § 18.2-346) and obstruction of justice (see VA Code Ann § 18.2-460), both misdemeanor offenses. Based upon his conviction of obstruction of justice, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) moved this Court, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12, to impose discipline upon respondent, contending that his conviction of obstruction of justice constituted a serious crime as defined in Judiciary Law § 90 (4) (d). In response, respondent's counsel submitted correspondence asking that, in the event that this Court determined that respondent has committed a serious crime, he be afforded an opportunity to be heard as to the appropriate sanction.
In November 2020, we granted AGC's motion and determined that respondent's Virginia conviction for obstruction of justice, which stemmed from his attempt to thwart a police investigation into his criminal conduct, was a serious crime within the meaning of Judiciary Law § 90 (4) (d) (see generally Turner v Commonwealth, 20 Va App 713, 718, 460 SE2d 605, 607 [Va Ct App 1995]).[FN1] We therefore ordered respondent to show cause why a final order of suspension, censure or disbarment should not be made (see Judiciary Law § 90 [4] [g]). The parties have submitted their arguments in aggravation and mitigation and we have heard them at oral argument, and the matter is now ripe for disposition.[FN2]
In aggravation, we note that the nature of respondent's criminal conduct, although unrelated to his practice of law, reflects poorly on the legal profession (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [b], [k]). Moreover, while his conduct may have been isolated and out of character, his attempt to subvert the investigation and proceedings arising from his solicitation arrest and avoid punishment for his actions is undoubtedly serious. Finally, although respondent suggests that he attempted to advise both this Court (see Judiciary Law § 90 [4] [c]) and AGC (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.12 [a]) of his criminal conviction in a timely manner, there is no evidence that he in fact did so, and the obligation to ensure that proper notice was provided falls solely on him.
Conversely, respondent has presented several compelling factors in mitigation. We have first considered that respondent has no prior disciplinary history and, thus, his actions appear to be an isolated instance of misconduct (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [a]). Further, outside of respondent's failure to provide timely notice of his criminal conduct to AGC and this Court, he has fully cooperated with AGC during this proceeding, providing [*2]timely and candid responses to its inquiries (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [e]). Respondent has also suffered criminal repercussions for his actions, having served six months of a 12-month sentence on his obstruction of justice conviction (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [k]). Finally, and perhaps most relevant, we find that respondent has conveyed genuine remorse and has accepted responsibility for his criminal conduct (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [l]). Altogether, we find that respondent should be censured for the criminal conduct he has been convicted of. However, based upon our consideration of the various factors presented to us, we believe that directing respondent to participate in additional coursework to educate him on his ethical responsibilities is appropriate under the circumstances (see Matter of Alexandrovich, 174 AD3d 1034, 1036 [2019]; Matter of Mann, 157 AD3d 1160, 1162 [2018], appeal dismissed 31 NY3d 1037 [2018], lv denied 32 NY3d 948 [2018]). Accordingly, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we censure respondent and direct him to submit documentation to AGC, within one calendar year of the date of this decision, establishing that he has completed three credit hours of accredited continuing legal education in ethics and professionalism, all in addition to his continuing legal education requirements as a New York attorney practicing out of state (see Rules of App Div, All Depts [22 NYCRR] §§ 1500.5 [b]; 1500.22 [n]).
Lynch, J.P., Mulvey, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is censured; and it is further
ORDERED that respondent is directed to comply with all of the terms and conditions set forth in this Court's decision.



Footnotes

Footnote 1: AGC initially moved in the alternative to impose discipline upon respondent based upon a private admonition he received in the United States Tax Court based upon his criminal conduct (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13). However, we denied that part of AGC's motion based upon our determination that respondent had been convicted of a serious crime and would be disciplined on that basis.

Footnote 2: We note that at the time of AGC's initial motion, which followed respondent's sentencing in Virginia, a final determination as to whether he had committed a serious crime as well as the appropriate sanction was properly before us (see Matter of Delany, 87 NY2d 508, 512 [1996]; Matter of Farrace, 173 AD3d 1422, 1422 [2019]; Matter of DeMelo, 162 AD3d 1303, 1305 [2018]). However, owing to respondent's request to be heard further specifically as to the sanction in the event that this Court determined he had indeed committed a serious crime, this Court made that determination first and thereafter ordered the parties to provide submissions solely concerning the sanction to be imposed (see Judiciary Law § 90 [4] [h]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.12 [c] [2] [iii]). In doing so, we determined, in an exercise of our discretion, that a suspension during the interim period was not warranted (see Judiciary Law § 90 [4] [f]).