Matter of Freeman (2021 NY Slip Op 00478)





Matter of Freeman


2021 NY Slip Op 00478


Decided on January 28, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

PM-06-21

[*1]In the Matter of Jarred Shawn Freeman, an Attorney. (Attorney Registration No. 4818308.)

Calendar Date: November 30, 2020

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Nissenbaum Law Group, LLC, New Jersey (Anthony C. Gunst IV), for respondent.



Per Curiam.
Respondent was admitted to practice by this Court in 2010 after previously being admitted in New Jersey, where he lists a business address with the Office of Court Administration. By September 2018 order, the Supreme Court of New Jersey suspended respondent from the practice of law in that state for three months due to sustained allegations that he failed to notify a criminal client of a hearing in his matter — resulting in the client's failure to appear and the dismissal of his application for postconviction relief with prejudice — and thereafter made misrepresentations to both the hearing court and New Jersey disciplinary authorities (Matter of Freeman, 235 NJ 90 [2018]).[FN1] In January 2019, respondent was reinstated to the practice of law in New Jersey (Matter of Freeman, 236 NJ 299 [2019]).
The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 based upon respondent's New Jersey misconduct. Respondent has submitted papers in opposition to the motion, wherein he acknowledges that he is subject to discipline in this state and presents matters in mitigation in support of his request for a lesser sanction. Inasmuch as respondent has not raised any of his available defenses to discipline for misconduct in a foreign jurisdiction, we grant AGC's motion and turn to the issue of the appropriate disciplinary sanction (see Matter of Bailey, 177 AD3d 1079, 1080 [2019]; Matter of Proskurchenko, 171 AD3d 1439, 1440 [2019]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).[FN2]
Notably, in aggravation of respondent's misconduct, we have considered the nature and severity of his actions, which included repeated misleading and false comments, as well as his previous failure to accept full responsibility for his conduct (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [f], [g]). Conversely, in mitigation, we note that respondent has not been the subject of further discipline, he has complied with the terms of his New Jersey discipline and he has been reinstated to practice in that jurisdiction, and the misconduct underlying that discipline is now remote in time. Thus, having considered all the facts and circumstances present here, we find that a three-month suspension in this state would be consistent with respondent's suspension in New Jersey and would be appropriate in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]). Consequently, we grant AGC's motion and suspend respondent from the practice of law for three months effective nunc pro tunc to October 28, 2020 (see generally Matter of Couloute, 174 AD3d 1031, 1033 [2019]; Matter of Donohue[*2], 171 AD3d 1295, 1296 [2019]).
Egan Jr., J.P., Clark, Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law for a period of three months, effective October 28, 2020, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: As a result of his New Jersey misconduct, respondent was also suspended from the practice of law for three months before the United States Court of Appeals for the Second Circuit and the United States District Court for the Eastern District of New York.

Footnote 2: We note that respondent's professional misconduct in New Jersey also constitutes professional misconduct in New York (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15), inasmuch as the rules found to have been violated by respondent in that state are substantially similar to Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.2 (a); 1.4 (a) (3), (4); 3.3 (a) (1); 4.1 and 8.4 (c), (d).