Matter of Freeman (2021 NY Slip Op 01547)





Matter of Freeman


2021 NY Slip Op 01547


Decided on March 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 18, 2021

PM-35-21

[*1]In the Matter of Jarred Shawn Freeman, a Suspended Attorney. (Attorney Registration No. 4818308.)

Calendar Date: March 15, 2021

Before: Egan Jr., J.P., Clark, Aarons and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Nissenbaum Law Group, LLC, New Jersey (Anthony C. Gunst IV), for respondent.



Per Curiam.
Respondent was admitted to practice by this Court in 2010
after previously being admitted in New Jersey, where he presently lists a business address with the Office of Court Administration. Due to sustained allegations of client neglect and making misrepresentations to, among other entities, New Jersey disciplinary authorities, the Supreme Court of New Jersey suspended respondent for a three-month period in 2018 (Matter of Freeman, 235 NJ 90 [2018]), and he was thereafter reinstated to the practice of law by that Court in January 2019 (Matter of Freeman, 236 NJ 299 [2019]).
Upon motion by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) to impose discipline upon respondent based upon his New Jersey misconduct, this Court, by January 2021 order, suspended respondent for a three-month period, nunc pro tunc to October 30, 2020 (190 AD3d 1251 [2021]). He now applies for his reinstatement, and AGC has submitted correspondence stating that it does not oppose respondent's motion and defers to this Court's discretion on respondent's application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [d]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [b]).[FN1]
As an initial matter, respondent has properly submitted a duly-sworn affidavit in the form provided in appendix D to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Matter of Jing Tan, 164 AD3d 1515, 1517-1518 [2018]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [d]). Respondent has also submitted a timely affidavit of compliance addressing his compliance with the order of suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]). Based on these submissions, we find that respondent has established by clear and convincing evidence that he has satisfied the three-part test applicable to all attorneys seeking reinstatement from a disciplinary suspension (see Matter of Njogu, 175 AD3d 800, 800-801 [2019]). Specifically, we find that respondent has sufficiently demonstrated his compliance with the order of suspension. As to his character and fitness, respondent's application materials raise no cause for concern, inasmuch as respondent attests to having not been the subject of any disciplinary or criminal proceedings since the order of suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix D, ¶¶ 10, 14). We additionally conclude that respondent's reinstatement would be in the public interest (see Matter of Couloute, 175 AD3d 1717 [2019]). We take note that respondent has been reinstated to the practice of law in New Jersey following his brief suspension in that state and he has apparently pursued a blemish-free practice since that time. Given all these factors, we grant respondent's application and reinstate him to the practice of law in New York.
Egan Jr., J.P., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that respondent's application [*2]for reinstatement is granted; and is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.



Footnotes

Footnote 1: Finding no open claims, the Lawyers' Fund for Client Protection similarly advises that it does not oppose respondent's reinstatement application.