Matter of Chechelnitsky (2021 NY Slip Op 01827)





Matter of Chechelnitsky


2021 NY Slip Op 01827


Decided on March 25, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

PM-36-21

[*1]In the Matter of Yana Chechelnitsky, an Attorney. (Attorney Registration No. 4428488.)

Calendar Date: January 25, 2021

Before: Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Foley Griffin LLP, Garden City (Thomas J. Foley of counsel), for respondent.



Per Curiam.
Respondent was admitted to practice by this Court in 2006. The year prior, she was admitted in New Jersey, where she currently maintains an office for the practice of law. Due to a myriad of criminal convictions arising from domestic disputes and her attendant physical assaults on responding law enforcement officers, the Supreme Court of New Jersey suspended respondent from the practice of law for a suspended six-month period in March 2018 (Matter of Chechelnitsky, 232 NJ 331, 180 A3d 301 [2018]).[FN1] New Jersey records indicate that respondent is currently an attorney in good standing.
The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 as a consequence of her New Jersey misconduct. Respondent has submitted an affirmation of counsel and affidavit conceding that she is subject to discipline based upon her New Jersey misconduct and asking that this Court impose no more than a censure.
Respondent has not invoked any of her available defenses and, accordingly, she has waived her ability to do so (see Matter of Petigara, 186 AD3d 940, 941 [2020]). We therefore find that her misconduct has been established and we turn to consideration of the appropriate sanction (see Matter of Hoines, 185 AD3d 1349, 1350 [2020]).[FN2] In determining what measure of sanction is commensurate with her sustained misconduct in New Jersey, we first consider that respondent's foreign discipline was precipitated by several convictions resulting from a pattern of significant criminal conduct that occurred over a four-year period (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [c], [d], [k]). Over that time, respondent engaged in multiple acts of violence, including several instances of assault on responding law enforcement officers. We note that respondent's actions were fueled by her struggles with alcohol, which, despite being given multiple opportunities, she was unsuccessful in controlling over the period of time encompassing her actions. Further, although her actions are now remote in time, her failure to report her convictions and her New Jersey discipline are to blame for the delay, and we must consider her failure to provide timely notice as a factor in aggravation (see Judiciary Law § 90 [4] [c]; Rules for Attorney Disciplinary Matters [22 NYCRR] §§ 1240.12 [a]; 1240.13 [d]; see Matter of Reddington, 189 AD3d 2044, 2045 [2020]).[FN3]
However, mitigating respondent's misconduct, we have considered the fact that since her final conviction in 2015, respondent has engaged in consistent and meaningful efforts to successfully maintain her sobriety by committing to various forms of treatment for her underlying alcoholism. We also note that respondent's sanction in New Jersey is the only blemish on her disciplinary history (see ABA Standards [*2]for Imposing Lawyer Sanctions standard 9.32 [a]). To this end, the New Jersey Disciplinary Review Board's well-reasoned decision notes that respondent enjoys a strong reputation in the legal community in her home state. Finally, and most notably, respondent has expressed her sincere remorse for her misconduct and accepts responsibility for her past actions (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [l]).
Considering all of the foregoing, we must reject respondent's request for a censure, as the abundance and nature of her misconduct, even when considered with the relevant mitigating factors, warrants a term of suspension. However, we believe that the circumstances before us justify a suspension effective nunc pro tunc to a date prior to our order, allowing respondent to immediately move for her reinstatement (see e.g. Matter of Freeman, 190 AD3d 1251 [2021]; Matter of Couloute, 174 AD3d 1031 [2019]). Accordingly, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we grant AGC's motion and suspend respondent from the practice of law for a period of five months, effective nunc pro tunc to October 25, 2020 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).
Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law for a period of five months, effective October 25, 2020, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: Over a four-year period beginning in 2011, respondent pleaded guilty to creating a dangerous condition (NJSA 2C:33—2 [a] [2]), third-degree possession of a weapon for an unlawful purpose (NJSA 2C:39—4 [d]), fourth-degree aggravated assault on a law enforcement officer (NJSA 2C:12—1 [b] [5] [a]), and third-degree aggravated assault on a law enforcement officer (NJSA 2C:12—1 [b] [5] [a]).

Footnote 2: We note that the record readily establishes that respondent received due process in the New Jersey proceedings, that her criminal convictions provide sufficient proof of her misconduct and that her actions would clearly constitute misconduct in this state (see Matter of Winograd, 184 AD3d 1073, 1074 [2020]).

Footnote 3: We are mindful that respondent was going through a challenging period in her life, which she points to as the reason for her oversight in complying with her obligation to report. However, every foreign attorney must abide by his or her obligations as a licensed New York attorney, including those requiring timely reporting of convictions and foreign discipline. Thus, while her oversight is understandable, it cannot be excused.