Matter of Chechelnitsky (2021 NY Slip Op 03103)





Matter of Chechelnitsky


2021 NY Slip Op 03103


Decided on May 13, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 13, 2021

PM-52-21
[*1]In the Matter of Yana Chechelnitsky, a Suspended Attorney. (Attorney Registration No. 4428488.)

Calendar Date:May 3, 2021

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Foley Griffin LLP, Garden City (Thomas J. Foley of counsel), for respondent.



Per Curiam.
Respondent was admitted to practice by this Court in 2006 and was previously admitted in New Jersey, where she maintains an office for the practice of law. Due to a myriad of criminal convictions arising from domestic disputes and her attendant assaults upon responding law enforcement officers, the Supreme Court of New Jersey suspended respondent from the practice of law for a suspended six-month term in March 2018 (Matter of Chechelnitsky, 232 NJ 331, 180 A3d 301 [2018]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) thereafter moved to impose discipline upon respondent as a consequence of her New Jersey misconduct, and this Court granted the motion by March 2021 order and suspended respondent for a five-month term nunc pro tunc to October 25, 2020 (192 AD3d 1453 [2021]). Respondent now applies for her reinstatement and AGC has submitted correspondence in response, stating that it does not oppose her application and defers to this Court's discretion on the merits of the motion.[FN1]
As an initial matter, respondent has properly submitted a duly-sworn affidavit in the form provided in appendix D to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Matter of Jing Tan, 164 AD3d 1515, 1517-1518 [2018]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [d]). Respondent also submitted a timely affidavit of compliance immediately after the date she was suspended wherein she attested to her compliance with the order and Rules of this Court governing the conduct of suspended attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]). Based on her submissions, we find that respondent has established by clear and convincing evidence that she has complied with the order of suspension and turn to the remaining inquiries concerning her character and fitness and the public interest in her reinstatement.
As we previously noted in our order suspending her, respondent has taken considerable steps to address the issues that led to her past misconduct (see Matter of Chechelnitsky, 192 AD3d 1453, 1454 [2021]). To this end, we note that respondent has had no further criminal encounters since her past conviction in 2015, and has no disciplinary history beyond the proceedings that led to her suspension in this state and in New Jersey. Accordingly, we find that she has met her burden and established her character and fitness for reinstatement clearly and convincingly (see Matter of Freeman, 192 AD3d 1377, 1377 [2021]). Finally, we find that respondent's reinstatement will not be a detriment to the public, and would also provide a tangible benefit to the public (see Matter of Couloute, 175 AD3d 1717, 1719 [2019]; Matter of Edelstein, 150 AD3d 1531, 1532 [2017]). We therefore grant respondent's application and reinstate her to the practice of law.
Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that respondent's application for reinstatement [*2]is granted; and is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.



Footnotes

Footnote 1: Likewise, the Lawyer's Fund for Client Protection advises that there are no open claims against respondent and that it has no objection to her reinstatement.