Matter of Matemu (2022 NY Slip Op 02179)





Matter of Matemu


2022 NY Slip Op 02179


Decided on March 31, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 31, 2022

PM-64-22
[*1]In the Matter of Japheth Nthautha Matemu, a Suspended Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Japheth Nthautha Matemu, Respondent. (Attorney Registration No. 4607313.)

Calendar Date:January 3, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for petitioner.
Japheth Nthautha Matemu, Angier, North Carolina, respondent pro se.



Per Curiam.
Respondent was admitted to practice by this Court in 2008 and resides in North Carolina, where he is not admitted but previously practiced federal immigration law on the strength of his New York license. In January 2021, petitioner commenced this disciplinary proceeding alleging, in three charges, that respondent had violated five Rules of Professional Conduct (NYCRR 1200.0). Subsequently, by June 2021 order, this Court granted the parties' joint motion seeking to resolve the petition upon consent, and suspended respondent from the practice of law for a period of six months and until further order of this Court (195 AD3d 1368, 1369 [2021]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5]). Respondent now applies for his reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a], [d]), and petitioner has submitted an affirmation opposing the motion. In reply, respondent has submitted an affirmation with exhibits addressing the concerns raised by petitioner (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [d]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [b]).[FN1]
Initially, we note that respondent has properly submitted a duly-sworn affidavit in the form provided in appendix D to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Matter of Freeman, 192 AD3d 1377, 1378 [2021]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [d]).[FN2] Respondent has also submitted a timely affidavit of compliance and supplemental affidavit addressing his compliance with the order of suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]). Based on the entirety of the submissions, we find that respondent has established by clear and convincing evidence that he has satisfied the three-part test applicable to all attorneys seeking reinstatement from a disciplinary suspension (see Matter of Njogu, 175 AD3d 800, 800-801 [2019]). Specifically, we find that respondent has demonstrated his compliance with the order of suspension and that his application materials sufficiently establish his character and fitness. We further conclude that respondent's reinstatement would be in the public interest given the vulnerable client base served in his immigration practice (see Matter of Couloute, 175 AD3d 1717 [2019]).[FN3] In light of all these factors, we grant respondent's application and reinstate him to the practice of law.
Egan Jr., J.P., Lynch, Aarons, Pritzker and Reynolds
Fitzgerald, JJ., concur.
ORDERED that respondent's application for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately; and it is further
ORDERED that respondent shall file an amended attorney registration statement with the Chief Administrator of the Courts (see Rules of the Chief Admin of Cts [22 NYCRR] § 118.1 [f]) and provide proof of same to petitioner [*2]on or before April 30, 2022.



Footnotes

Footnote 1: Finding no open claims, the Lawyers' Fund for Client Protection similarly advises that it does not oppose respondent's reinstatement application.

Footnote 2: Because the home address set forth in respondent's reinstatement affidavit differs from the information currently on file with the Office of Court Administration, respondent is directed to file an amended attorney registration statement with the Chief Administrator of the Courts pursuant to Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118 within 30 days of the date of this decision.

Footnote 3: Although petitioner notes that respondent's application does not include proof of any continuing legal education (hereinafter CLE) credits completed since his suspension from the practice of law, we observe that respondent, as an attorney practicing outside of New York, is exempt from the CLE requirements otherwise imposed upon in-state attorneys (see Rules of App Div, All Depts 22 NYCRR § 1500.5 [b] [1]; § 1500.22 [a], [n]), despite the fact that he is not otherwise required to comply with the CLE requirements of another jurisdiction (see Rules of App Div, All Depts [22 NYCRR] § 1500.22 [n] [2]). Nevertheless, despite this exemption, we note that Office of Court Administration records demonstrate that respondent has certified his completion of 24 or more CLE credits in the last six biennial periods.