Matter of Molinsek (2022 NY Slip Op 05366)

Matter of Molinsek

2022 NY Slip Op 05366

Decided on September 29, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 29, 2022

PM-167-22
[*1]In the Matter of Stephen Louis Molinsek, a Suspended Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Stephen Louis Molinsek, Respondent. (Attorney Registration No. 2401313.)

Calendar Date:August 22, 2022

Before:Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and McShan, JJ. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for petitioner.
Hinckley Allen, Albany (Christopher Fenlon of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 1991 and presently lists an Albany County business address with the Office of Court Administration. In March 2021, petitioner commenced this disciplinary proceeding alleging, among other things, that respondent had engaged in professional misconduct stemming from his sexual relationship with a domestic relations client. Subsequently, by January 2022 order, this Court granted the parties' joint motion seeking to resolve the petition upon consent, determined that respondent violated Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.8 (j) (1) (iii) and 8.4 (h), and suspended him from the practice of law for a period of six months and until further order of this Court (201 AD3d 1244 [3d Dept 2022]). Respondent now applies for his reinstatement and petitioner has submitted correspondence in response, stating that it does not oppose his application and defers to this Court's discretion as to the merits of the motion.[FN1]
Initially, we note that respondent has properly submitted a duly-sworn affidavit in the form provided in appendix D to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Matter of Jing Tan, 164 AD3d 1515, 1517-1518 [3d Dept 2018]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [d]). Respondent also submitted a timely affidavit of compliance wherein he attested to his compliance with the suspension order and Rules of this Court governing the conduct of suspended attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]).
Upon our review of respondent's submissions, we conclude that he has established by clear and convincing evidence that he has satisfied the three-part test applicable to all attorneys seeking reinstatement from a disciplinary suspension (see Matter of Njogu, 175 AD3d 800, 800-801 [3d Dept 2019]). Specifically, we find that respondent has demonstrated his compliance with the order of suspension, that he has the character and fitness to resume the practice of law and that his reinstatement would be in the public interest (see Matter of Matemu, 203 AD3d 1544, 1545 [3d Dept 2022]; Matter of Couloute, 175 AD3d 1717, 1718-1719 [3d Dept 2019]). We therefore grant respondent's application and reinstate him to the practice of law (see Matter of Chechelnitsky, 194 AD3d 1241, 1242 [3d Dept 2021]).
Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that respondent's application for reinstatement is granted; and is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

Footnotes

Footnote 1: Likewise, the Lawyer's Fund for Client Protection advises that there are no open claims against respondent and that it has no objection to his reinstatement.