Matter of Shmulsky (2023 NY Slip Op 04253)

Matter of Shmulsky

2023 NY Slip Op 04253

Decided on August 10, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 10, 2023

PM-168-23
[*1]In the Matter of Alexander Russell Shmulsky, a Suspended Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner, Alexander Russell Shmulsky, Respondent. (Attorney Registration No. 4743316.)

Calendar Date:July 10, 2023

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for petitioner.
Alexander Russell Shmulsky, Saratoga Springs, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2009, and he formerly maintained law offices in both Saratoga and Essex Counties. Previously, petitioner alleged six rule violations stemming from respondent's representation of a matrimonial client. Following joinder of issue, the parties jointly moved for the imposition of discipline by consent (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5]). Therein, respondent admitted to certain misconduct regarding his representation of a matrimonial client (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.5 [d] [4]; rule 1.8 [j] [1] [iii]), and we ultimately granted the parties' motion and suspended respondent for the maximum agreed-upon term of one year (Matter of Shmulsky, 186 AD3d 1878 [3d Dept 2020]). Respondent moved for his reinstatement, which motion was opposed by petitioner, and respondent was heard in reply. Following our initial review, we referred the matter to a Character and Fitness subcommittee for hearing and report. Following the hearing, the subcommittee has recommended that respondent's motion be granted, and he be reinstated subject to certain conditions. Petitioner continues to oppose respondent's reinstatement, and respondent has also submitted his own response to the subcommittee report.
In order to establish his or her entitlement to reinstatement following a suspension or disbarment, an attorney must satisfy, by clear and convincing evidence, a three-part test (see Matter of Molinsek, 208 AD3d 1575, 1576 [3d Dept 2022]). First, the attorney must demonstrate that he or she complied with the terms of the order of suspension and all applicable Court rules (see Matter of Paragano, 213 AD3d 1023, 1024 [3d Dept 2023]). Second, the attorney must demonstrate that he or she has the requisite character and fitness to warrant his or her reinstatement (see Matter of Edelstein, 150 AD3d 1531, 1531 [3d Dept 2017]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Third, the attorney must demonstrate that his or her reinstatement is in the public interest (see Matter of Sullivan, 153 AD3d 1484, 1484 [3d Dept 2017]).[FN1] To that end, we first find that respondent has clearly and convincingly demonstrated his compliance with the suspension order and this Court's rules (see Matter of Bruhn, 206 AD3d 1225, 1226-1227 [3d Dept 2022]). As such, we turn our analysis to the assessment of respondent's character and fitness and the public's interest in his reinstatement.
In assessing whether an attorney has satisfied his or her burden concerning these factors, we consider both the conduct that led to the attorney's suspension, and his or her conduct following the order of suspension (see Matter of Castro, 200 AD3d 1387, 1389 [3d Dept 2021]; Matter of Matthews, 187 AD3d 1482, 1484 [3d Dept 2020]). Moreover, in demonstrating that his or her reinstatement is in the public interest, an attorney should "provide assurances that no detriment would inure to the public [*2]by reason of the attorney's return to practice, and that his or her reinstatement would be of some tangible benefit to the public" (Matter of Sullivan, 153 AD3d at 1484). At the outset of our analysis, we are careful to not minimize respondent's admitted misconduct, as his improper use of a retainer agreement and his inappropriate sexual relationship with a client both, in their own ways, jeopardized the attorney-client relationship (see Matter of Cooperman, 83 NY2d 465, 473 [1994]; Matter of Shmulsky, 186 AD3d at 1879). However, upon review of respondent's submissions, the transcript of the hearing and the subcommittee's report, we conclude that respondent has genuinely expressed remorse for his misconduct, understands the impact his misconduct had on his client and on his practice of law, and has further isolated the factors that led to his misconduct. To this end, respondent submitted letters of support from his counseling providers, who indicate that, during the term of his suspension, he has been regularly engaged with counseling efforts to address the issues that led to his misconduct. Moreover, these letters further detailed respondent's progress, noting the various resources and support systems he has in place to conduct himself appropriately. Respondent's reinstatement materials also included letters from members of the legal community who support him and vouch for his good character. Accordingly, we find that respondent has sufficiently established the requisite character and fitness to resume the practice of law in this state (see Matter of Matthews, 187 AD3d at 1484; Matter of Herzog, 145 AD3d 1315, 1316 [3d Dept 2016]).
In terms of the public's interest in his reinstatement, the record reflects respondent's efforts to rebuild the community's trust in him, and to be transparent with others regarding his past misconduct. Respondent avers to having a history of completing pro bono work and court appointed representations, and he hopes to resume this work upon his reinstatement, thus providing a tangible benefit to the public (see Matter of Canale, 162 AD3d 1455, 1457 [3d Dept 2018]). Moreover, respondent's personal efforts to deal with the behaviors leading to his misconduct, combined with letters of support from his counseling providers and the legal community, provide some reassurance that his reinstatement would not be a detriment to the public, as he has established various support systems and resources to avoid future misconduct (see Matter of Brollesy, 169 AD3d 1347, 1348-1349 [3d Dept 2019]). Notwithstanding this conclusion, given the nature of respondent's misconduct, we feel that additional safeguards are necessary to ensure that no detriment will inure to the public as a consequence of his reinstatement (see Matter of Brollesy, 169 AD3d at 1349; Matter of Canale, 162 AD3d at 1457). As such, although we conclude that respondent has established his entitlement to reinstatement, we impose certain conditions on his return to the [*3]practice of law as provided for in this order.
Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately; and it is further
ORDERED that respondent's reinstatement to the practice of law shall be conditioned upon the following requirements: (1) respondent shall not engage in the solo practice of law, open his own law practice or become a partner in any law practice in the State of New York and must be supervised by the law firm's partner or managing attorney so long as the conditions of this order remain in effect, with respondent providing petitioner with quarterly reports certifying his compliance with this condition commencing on September 29, 2023; (2) respondent shall refrain from practice within the areas of matrimonial and family law so long as the conditions of this order remain in effect, with respondent providing petitioner with quarterly reports certifying his compliance with this condition commencing on September 29, 2023; and (3) respondent shall, until further order of this Court, continue his participation at his own cost in counseling with his current provider and shall ensure that petitioner receives quarterly reports commencing on September 29, 2023, assessing his capacity to practice law based upon the evaluation of his treatment provider; should respondent need to substitute a different provider in the future, such substitution may only be had upon petitioner's consent or upon order of this Court; and it is further
ORDERED that respondent may move this Court to terminate the foregoing conditions after August 10, 2028.

Footnotes

Footnote 1: Respondent has satisfied the requisite procedural obligations, as he submitted a duly-sworn affidavit in the form of Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, appendix C, along with proof that he successfully passed the Multistate Professional Responsibility Examination within the year prior to making his application for reinstatement (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [b]).