Matter of Brammer (2024 NY Slip Op 02578)

Matter of Brammer

2024 NY Slip Op 02578

Decided on May 9, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 9, 2024

PM-87-24
[*1]In the Matter of William Haymore Brammer Jr., an Attorney. (Attorney Registration No. 3982097)

Calendar Date:April 15, 2024

Before:Aarons, J.P., Pritzker, Lynch, Reynolds Fitzgerald and Fisher, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
William Haymore Brammer Jr., Washington, DC, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2001 and was thereafter admitted in 2002 in Washington, DC, where he now resides and maintains a law office. Respondent was previously suspended from practice by this Court in 2014 as a consequence of his longstanding registration delinquency (Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1025 [3d Dept 2014]) but was soon thereafter reinstated to practice in this state by September 2014 order (Matter of Attorneys in Violation of Judiciary Law § 468-a [Brammer], 120 AD3d 1482, 1483 [3d Dept 2014]). In January 2021, the District of Columbia Court of Appeals imposed a 30-day suspension upon respondent following a negotiated disposition of charges of incompetence, lack of diligence and lack of client communication concerning a client's employment matter but stayed the 30-day suspension upon the condition that respondent not engage in further misconduct and make restitution to the employment client (In re Brammer, 243 A3d 863 [DC 2021]). The Court considered respondent's previous disciplinary history, specifically an informal admonition for incompetence in an immigration matter in 2011 as discussed by the Court's Ad Hoc Hearing Committee. Respondent is currently in good standing in the District of Columbia. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent in this state as a consequence of the misconduct for which he was sanctioned in 2011 and 2021 in the District of Columbia. Respondent has been heard in response.
In August 2020, the District of Columbia Court of Appeals' Ad Hoc Hearing Committee considered a petition for negotiated discipline by respondent wherein respondent "freely and voluntarily acknowledged that the material facts and misconduct" alleged in the petition were true. Specifically, respondent admitted that, in connection with his representation of a client in a professional services contract dispute, he failed to competently represent his client, did not act with reasonable promptness in representing her and did not keep his client reasonably informed about the status of her case. Respondent also presented the Committee with circumstances to consider in mitigation of his misconduct, including his relocation to California and unsuccessful attempts to find replacement counsel for his client, that the misconduct did not include dishonesty, among others. The Committee also took into consideration respondent's admonishment in 2011 for failing to provide competent representation in an immigration matter. Accordingly, the Committee approved of the negotiated discipline and recommended that the Court of Appeals impose a 30-day suspension, to be stayed upon respondent's completion of a one-year probationary period. Thereafter, in January 2021, the Court of Appeals so ordered that recommendation.
Respondent promptly noticed AGC of the order suspending him from practice. However, respondent [*2]had failed to promptly notify AGC of the prior admonishment he had received in 2011. Respondent states that he was not aware that this admonishment was "reportable" as it was imposed by Disciplinary Counsel, as opposed to the court, as the reason for his failure to do so. Now AGC moves this Court to impose discipline on respondent based on the conduct resulting in his 2021 suspension as well as his 2011 admonishment.
In its affirmation in support of its motion, AGC contends that sanctioning respondent pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 is appropriate based upon the conduct for which he was sanctioned by the District of Columbia Court of Appeals. Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c) permits this Court to "discipline [a] respondent for the misconduct committed in [a] foreign jurisdiction." However, "[t]he respondent may file an affidavit stating defenses to the imposition of discipline and raising any mitigating factors," but such defenses are limited to a lack of due process, an infirmity of proof establishing the misconduct or that the misconduct in the foreign jurisdiction does not constitute misconduct in New York (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [b]). In respondent's responsive papers, he requests that this Court "issue an equivalent sanction" to that imposed by the District of Columbia Court of Appeals in 2021 and further requests that the Court "take no separate action against [him] on account of the 2011 informal admonition."
Based on respondent's concession to the imposition of discipline and his failure to otherwise raise any affirmative defenses pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (b), he has waived his ability to do so (see Matter of Chechelnitsky, 192 AD3d 1453, 1453 [3d Dept 2021]). Accordingly, we turn our attention to the sanction to be imposed, as well as the relevant aggravating and mitigating factors. Initially, we note that although respondent failed to timely advise this Court and AGC of his 2011 admonishment, he promptly advised same of his 2021 suspension. As explained by respondent, this omission was based on his genuine, but mistaken, belief that the informal admonition, imposed by Bar Counsel directly and without a formal adjudicative process, was not reportable (see Matter of Sparkman, 200 AD3d 1549, 1550 [3d Dept 2021]). Inasmuch as Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.2 (h) defines "[f]oreign jurisdiction" as "a legal jurisdiction of a state" for purposes of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, we find that Bar Counsel constitutes same. However, given respondent's timely notification of his 2021 suspension, we decline to consider his failure to do so in 2011 as an aggravating factor. Further, although respondent was previously suspended by this Court as a consequence of his [*3]attorney registration delinquencies, we note that this was approximately 10 years ago and sufficiently remote in time (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [m]).Given these circumstances, and noting that respondent has been reinstated to good standing in his home jurisdiction, we suspend respondent for 30 days, nunc pro tunc to the effective date of the foreign suspension order (see Matter of Chechelnitsky, 192 AD3d at 1454; Matter of Freeman, 190 AD3d 1251, 1252 [3d Dept 2021]; Matter of Couloute, 174 AD3d 1031, 1033 [3d Dept 2019]).
Aarons, J.P., Pritzker, Lynch, Reynolds Fitzgerald and Fisher, JJ., concur.
Ordered that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ordered that respondent is suspended from the practice of law for a period of 30 days, effective nunc pro tunc to January 7, 2021, and until further order of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ordered that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).