Matter of Brammer (2024 NY Slip Op 06414)

Matter of Brammer

2024 NY Slip Op 06414

Decided on December 19, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 19, 2024

PM-255-24
[*1]In the Matter of William Haymore Brammer Jr., a Suspended Attorney. (Attorney Registration No. 3982097.)

Calendar Date:October 28, 2024

Before:Aarons, J.P., Pritzker, Lynch, Reynolds Fitzgerald and Fisher, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
William Haymore Brammer Jr., Washington, DC, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2001 and was thereafter admitted in 2002 in Washington, DC, where he now resides and maintains a law office. Respondent was previously suspended from practice by this Court in 2014 as a consequence of his longstanding registration delinquency (113 AD3d 1020, 1025 [3d Dept 2014]) but was reinstated to practice in this state by September 2014 order of this Court (120 AD3d 1482 [3d Dept 2014]). In January 2021, the District of Columbia Court of Appeals imposed a 30-day stayed suspension upon respondent following a negotiated disposition of charges of incompetence, lack of diligence and lack of client communication concerning a client's employment matter. As a result, we subsequently suspended respondent for 30 days, effective nunc pro tunc to the date of the DC Court of Appeals' suspension order (227 AD3d 1219 [3d Dept 2024]). Respondent now moves for his reinstatement by motion marked returnable October 28, 2024. The Attorney Grievance Committee for the Third Judicial District (hereinafter AGC) opposes the motion by affirmation of counsel and respondent has been heard in reply.
Any attorney seeking reinstatement from disciplinary suspension must satisfy, by clear and convincing evidence, a three-part test to establish his or her entitlement to reinstatement (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]). First, it must be demonstrated that the suspended attorney has complied with both the terms of the order of suspension and the rules of this Court (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]; see also Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15). Such compliance may be established by sworn attestations in the movant's supporting affidavit or by timely completion of an affidavit of compliance reflecting satisfaction of the rules applicable to suspended attorneys (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15 [f]; part 1240, appendix B) and by providing reassurances that the attorney has not practiced in New York while suspended.
In addition to compliance with this Court's rules and suspension order, an attorney seeking reinstatement must demonstrate that he or she possesses the requisite character and fitness for the practice of law (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Matter of Anderson, 225 AD3d 995, 996 [3d Dept 2024]; Matter of Edelstein, 150 AD3d 1531, 1531 [3d Dept 2017]). Further, the attorney must demonstrate that his or her reinstatement to the practice of law in New York is in the public's interest — a balancing test which takes into consideration both the possible detriment to the community and any tangible public benefit which might be occasioned by the attorney's reinstatement (see Matter of Sullivan, 153 AD3d 1484, 1484 [3d Dept 2017]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]).
Initially, we find that respondent has not met the threshold procedural requirements [*2]to his reinstatement. Respondent did properly submit an affidavit in the form of Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, appendix D, the applicable form based on the duration of respondent's suspension pursuant to the terms of this Court's May 2024 order (see Matter of Brammer, 227 AD3d at 1222; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [b] [2]) as well as an affidavit of compliance wherein he attests to his compliance with this Court's order and rules of the Court (see Rules for Atty Disciplinary Matters [22 NYCRR] §§ 1240.15, 1240.16 [a]). However, because this Court's suspension of respondent was explicitly made effective nunc pro tunc to the date of his DC suspension, he has effectively been suspended in this state for approximately four years, triggering his need to complete certain continuing legal education (hereinafter CLE) accreditation as a prerequisite to his reinstatement (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [b] [5]). While respondent has submitted proof of his successful completion of various CLE courses in 2022, they are not accredited in the required subject categories pursuant to our rules, nor were the individual courses completed "within six months preceding [his September 2024] application" for reinstatement (Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [b] [5]).
In addition to this procedural defect, respondent has also not demonstrated the requisite character and fitness for reinstatement. As AGC notes, respondent is currently the subject of a new disciplinary proceeding in Washington, DC and he failed to disclose the existence of that ongoing proceeding in his motion for reinstatement despite the fact that such a proceeding is unquestionably relevant to the question of his character and fitness. Respondent was heard in reply to AGC's opposition papers, addresses those concerns brought to light by AGC and has supplemented his motion papers with additional information about the ongoing disciplinary proceeding in Washington, DC.
"In assessing whether an attorney has satisfied his or her burden concerning [this] factor[ ], [the Court] consider[s] both the conduct that led to the attorney's suspension, and his or her conduct following the order of suspension" (Matter of Shmulsky, 219 AD3d 1045, 1046 [3d Dept 2023]; see Matter of Castro, 200 AD3d 1387, 1389 [3d Dept 2021]). Here, while the underlying conduct highlighted by AGC and now at issue before the DC Bar occurred before this Court's order of suspension (compare Matter of Shmulsky, 219 AD3d at 1046), we are troubled by respondent's lack of candor in disclosing same (see Matter of Watson, 230 AD3d 921, 922 [3d Dept 2024]; Matter of Melendez, 101 AD3d 1229, 1231 [3d Dept 2012]). Respondent counters this argument, explaining that applicable rules of this Court do not require an attorney to report misconduct to the Court until such time that discipline has been imposed and within 30 days of same. However, it is troubling that respondent [*3]only submitted a recitation of the underlying facts of the ongoing disciplinary proceeding in "full disclosure" after the point was raised by AGC in opposition to his reinstatement. To that end, if AGC had not reported same, we would be left to assess his application for reinstatement in absence of all of the relevant facts. Moreover, respondent has a history of failing to report findings of misconduct to this Court, with this Court's most recent suspension of respondent being based on his self-report of his January 2021 suspension in the District of Columbia as well as his 2011 admonition in that jurisdiction which he had failed to report to either this Court or to AGC (Matter of Brammer, 227 AD3d at 1220). While we previously afforded respondent grace in this prior proceeding and did not consider his failure to report his 2011 admonition as an aggravating factor, respondent has now repeated his past practice in compiling his motion for reinstatement by withholding unquestionably relevant information from the Court and again justifying his nondisclosure as a mere misunderstanding of the Court's rules. We also find persuasive the fact that, had respondent been an applicant for admission in the first instance, rather than an applicant for reinstatement of his right to practice in this state, his failure to disclose the existence of his ongoing disciplinary matter in Washington, DC would constitute grounds for our outright revocation of his New York license (see Judiciary Law § 90 [2]; Rules of Prof Conduct [22 NYCRR 1200.0] rule 8.1 [2]). Thus, although respondent's initial lack of disclosure may be somewhat cured by his supplemental affidavit and mitigated by his purported misunderstanding of this Court's rules, we find that his lack of candor cannot be countenanced. Simply put, instead of erring on the side of full disclosure and the complete and total candor demanded of members of the bar, respondent has instead repeatedly withheld damaging information from this Court's view and, when that omission was called to our attention by AGC, he has offered tortured interpretations of the legal requirements as a means of explaining his lack of candor.
Ultimately, based on respondent's failure to establish his character and fitness for reinstatement as well as his procedural failure to provide the necessary CLE accreditation, we have determined that respondent has not established his entitlement to reinstatement. As such, we deny respondent's motion. To the extent that respondent may seek reinstatement in the future, we condition any such future application upon proof that the pending District of Columbia proceeding is finally and fully resolved and further require respondent to support any future application with evidence that he has provided AGC with proof that the District of Columbia proceeding has resolved, along with a full and complete record of the District of Columbia proceedings, in addition to proof of his satisfaction of the CLE requirements [*4]of Rules of the Appellate Division, Third Department (22 NYCRR) § 806.16 (b) (5).
Aarons, J.P., Pritzker, Lynch, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that respondent's motion for reinstatement is denied.