Matter of Del Boccio (2025 NY Slip Op 04848)

Matter of Del Boccio

2025 NY Slip Op 04848

Decided on September 4, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 4, 2025

PM-193-25
[*1]In the Matter of David Scott Del Boccio, a Suspended and Resigned Attorney. (Attorney Registration No. 4428447.)

Calendar Date:June 23, 2025 

Before:Garry, P.J., Aarons, Lynch, Reynolds Fitzgerald and Mackey, JJ. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for petitioner.
David Scott Del Boccio, Melbourne, Florida, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2006, following his admission in Michigan in 2002. In July 2011, respondent was suspended from practice in Michigan for a one-year term, upon his consent and stipulation that he had, inter alia, failed to promptly deliver funds to an entitled individual and had knowingly disobeyed an obligation imposed by a tribunal. Petitioner thereafter moved to impose discipline upon respondent in this state due to his established Michigan misconduct, and we granted the motion upon respondent's default and suspended respondent for a one-year term by January 2012 order (92 AD3d 1202 [3d Dept 2012]). In June 2013, however, while respondent remained suspended from practice in this state, we granted respondent leave to resign from the New York Bar for nondisciplinary reasons. Respondent has moved for reinstatement from both his disciplinary suspension and his nondisciplinary resignation, both of which motions petitioner opposes. Following our initial consideration of the matter, we referred the matter to a Character and Fitness subcommittee, which has filed its report recommending that respondent's motion be denied. Both parties have since been heard in comment as to the report and the subcommittee's recommendation.
All attorneys seeking reinstatement from suspension must satisfy, by clear and convincing evidence, a three-part test in order to establish their entitlement to relief (see Matter of Edelstein, 150 AD3d 1531, 1531 [3d Dept 2017]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]), as well as various procedural requirements (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [b]; Rules for Atty Disciplinary Matters [22 NYCRR] part 1240, Appendix C, ¶34; see also Rules of App Div, 3d Dept [22 NYCRR] § 806.16). While we conclude that respondent has satisfied the procedural requirements attendant to reinstatement, we nonetheless find, based on the entire record, including his hearing testimony and materials submitted in support of his application, that respondent has failed to demonstrate by clear and convincing evidence that he possesses the requisite character and fitness to practice law, and that his reinstatement would benefit the public interest. We share the subcommittee's concerns that respondent's plans if reinstated are, at this time, desultory, and fail to provide "assurances that no detriment would inure to the public by reason of the attorney's return to practice, and that his or her reinstatement would be of some tangible benefit to the public" (Matter of Sullivan, 153 AD3d 1484, 1484 [3d Dept 2017]). Moreover, we are not satisfied that respondent has the character and fitness to be reinstated to the practice of law, inasmuch as his testimony, among other things, failed to offer any specific plans or practices he will implement if reinstated so he may avoid any future reoccurrences of misconduct (see Matter of Shmulsky, 219 AD3d 1045, 1046 [3d Dept 2023]). Accordingly, we [*2]deny respondent's motion (see Matter of Daigle, 223 AD3d 1083, 1084 [3d Dept 2024]; Matter of Cammarano, 169 AD3d 1251, 1252 [3d Dept 2019]).
Garry, P.J., Aarons, Lynch, Reynolds Fitzgerald and Mackey, JJ., concur.
ORDERED that the applications for reinstatement are denied.